IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GEORGIA-PACIFIC W&FS (MS) LLC                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 5:14-cv-121-KS-MTP

JOHNSON'S FENCE, LLC and
USIC LOCATING SERVICES, INC.                                       DEFENDANTS

ORDER

THIS MATTER is before the Court on the Motion to Compel [29] [31] filed by

Defendant USIC Locating Services, Inc. and the joint Motion to Extend Scheduling Deadlines

[35] filed by all parties.  Having considered the submissions of the parties and the applicable

law, the Court finds that the Motion to Compel [29] [31] should be GRANTED and the Motion

to Extend Scheduling Deadlines [35] should be GRANTED.

**Motion to Compel [29] [31]**

On December 23, 2014, Plaintiff Georgia-Pacific W&FS (MS) LLC ("Georgia-Pacific")

filed this action regarding damage to an underground electrical line that supplied power to its

Brookhaven Chip Mill.  Georgia-Pacific alleges that Defendant USIC Locating Services, Inc.

("USIC") failed to properly locate an underground electrical line and accurately mark the ground

prior to excavation operations performed by Defendant Johnson's Fence, LLC.

On July 9, 2015, USIC served Georgia-Pacific with a Request for Inspection, which

stated:

> COMES NOW, Defendant USIC Locating Services, LLC ("USIC"), pursuant to
> Rule 34 of the Federal Rules of Civil Procedure, and requests the Plaintiff, Georgia-
> Pacific W&FS (MS) LLC ("Georgia-Pacific"), to permit USIC, or an agent thereof,
> to enter upon the following land and property for the purposes of inspecting,
> measuring, surveying, photographing, testing, sampling and/or excavation the

1

remaining underground electrical lines that are the subject of the above captioned and numbered suit . . . .

*See* Motion [31] at 2.

On August 4, 2015, Georgia-Pacific responded by agreeing to allow USIC upon its premises for purposes of measuring, surveying, photographing, and above-ground testing. Georgia-Pacific, however, objected to any excavation on the basis that it would be unduly burdensome.  Georgia-Pacific asserts that there are active underground and above-ground lines in the area at issue and that there is a possibility that one of the active lines could come in contact with the excavation equipment.  According to Georgia-Pacific, this risk would require it to shut down the power to the lines and cease operations at the Brookhaven Chip Mill during the inspection. *See* Discovery Response [31-1].  On August 10, 2015, USIC filed its Motion to Compel [29] seeking an order from the Court allowing it to conduct the requested inspection, particularly the requested excavation of the disengaged electrical line at issue in this action.[1]

The federal rules permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  In reviewing a motion to compel, courts must take into account that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Fed. R. Civ. P. 34(a)(2) governs the entry of a party onto another party's property for the

---

[1] On August 10, the Court entered an Order [30] giving the Motion to Compel [29] expedited consideration and requiring USIC to amend its Motion by quoting verbatim the relevant discovery request and Georgia-Pacific's response in accordance with Local Rule 37(b). On August 11, 2015, USIC filed its Amended Motion to Compel [31].

purposes of conducting discovery.  Pursuant to this rule, "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

Like all discovery, however, the right to inspect under Rule 34 "has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Courts may limit "the frequency or extent of discovery" if they determine that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C).  "When considering a motion under Rule 34(a)(2) 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection.'" *Banks v. The Interplast Group, Ltd.*, 2003 WL 21185685, at *1 (S.D. Tex. April 16, 2003) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)). Where the burdens and dangers that would accompany the inspection outweigh the degree to which it will aid in the search for the truth, the inspection should not be permitted.

USIC argues that the requested excavation is necessary in order to determine the exact location and width of the electrical line.  For USIC, the primary issue in this case is whether it accurately marked the ground above the underground electrical line.  Thus, the exact location of the electrical line is an important fact.  USIC asserts that there are no other means by which it

can pinpoint the location of the electrical line.  Georgia-Pacific, however, asserts that USIC can acquire information regarding the location of the electrical line through photographs and witness testimony.  It appears to the Court that discovery such as photographs and witness testimony may be insufficient for ascertaining the location of the electrical line as precision will be crucial in this case.  An excavation could make the presentation of evidence on distances and locations much clearer.  Thus, the Court finds that the excavation of the electric line would "aid in the search for truth." *See Banks*, 2003 WL 21185685 at *1.

Having considered the usefulness of the requested inspection, the Court must balance that usefulness against the burdens and dangers that would accompany the inspection.  Georgia-Pacific asserts that "USIC seeks to engage in the same activity that resulted in this very lawsuit–digging up underground electrical lines–which resulted in an explosion, the shutdown of power at the Mill, and the resulting economic loss cause by the shutdown." *See* Response [34] at 6.  According to Georgia-Pacific, "[t]he burdens and dangers created by excavation near active power lines (which include the risks of personal injury, property damage and business interruption losses) far outweigh any potential benefit to the parties." *Id.* at 2.  Georgia-Pacific asserts that its expenses could include reinstalling the fence, landscaping/grading the area that is disturbed by the digging and/or all expenses with shutting down the power to the Mill.

In response to Georgia-Pacific's concerns regarding the burdens and dangers associated with excavating the electrical line, USIC asserts that the excavation will be supervised by an electrical engineering firm, Atwell & Gent.  USIC asserts that is will also utilize the services of a surveyor.  USIC asserts that it will use hydro excavation and hand tools to reach the electrical line.  According to USIC, because the underground electrical lines in the area are encased in

PVC conduits, the hydro excavation will be safe, without much risk and without the disruption to electrical power.  USIC also states that it will follow all guidelines set forth in the Common Ground Alliance promulgated by the Pipeline and Hazardous Material Safety Administration under the auspices of the United States Department of Transportation.

In light of the importance of this inspection and the steps USIC has committed to take in order to ensure that the inspection is conducted in a safe manner, the Court finds that the Motion to Compel [29] [31] should be granted, and Georgia-Pacific shall make the area at issue available to USIC for inspection, including excavation.  The parties shall confer in good faith to schedule the inspection at a time that will reduce the burden and expense of the inspection and to address any other details of the inspection.  The inspection shall be completed by not later than September 18, 2015.

If USIC chooses to conduct the inspection, it shall be responsible for any damages and/or reasonable costs incurred in or as a result of the inspection, including any property damage and business interruption losses.[2]  USIC's right to inspect and excavate is expressly conditioned upon it assuming responsibility for any reasonable costs incurred or other losses or damage which may result from the inspection or excavation.[3]

---

[2] The parties' submissions indicate that the inspection may be conducted without the necessity of cutting off power to the entire Mill, but the Court will not make this determination nor can it on the current record.  Instead, the Court will direct the parties to confer in good faith regarding the specifics of the inspection.

[3] *See Oppenheimer*, 437 U.S. at 358; Fed. R. Civ. P. 34 advisory committee's note ("[c]ourts have ample power under Rule 26(c) to protect respondent against undue burden of expense, either by restricting discovery or requiring that the discovering party pay costs.")

**Motion to Extend Scheduling Deadlines [35]**

On August 18, 2015, the parties filed their Motion to Extend Scheduling Deadlines [35].

On March 23, 2015, the Court entered a Case Management Order [13].  Currently, the schedule

for this case is as follows:

| | |
|---|---|
| Plaintiff's Expert Designation Deadline: | July 1, 2015 |
| Defendants' Expert Designation Deadline: | August 3, 2015 |
| Discovery Deadline: | October 1, 2015 |
| Motions Deadline: | October 15, 2015 |
| Pretrial Conference: | February 18, 2016 |
| Trial: | March 7, 2016 |

*See* Case Management Order [13].  The parties seek to have the Court amend the Case

Management Order as follows:

| | |
|---|---|
| Plaintiff's Expert Designation Deadline: | September 30, 2015 |
| Defendants' Expert Designation Deadline: | October 31, 2015 |
| Discovery Deadline: | November 15, 2015 |
| Motions Deadline: | November 30, 2015 |

The parties do not seek to modify the date of the pretrial conference or the date of the trial.

The trial court is afforded broad discretion to preserve the integrity and purpose of the

pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  Case deadlines can

be modified only by order of the Court upon a showing of good cause supported with affidavits,

other evidentiary materials, or reference to portions of the record. *See* Amended Case

Management Order [19]; Fed. R. Civ. P. 16(b)(4).  The good cause standard "require[s] the

movant to show that the deadline cannot be met despite the diligence of the party needing the

extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x. 483, 487-88 (5th Cir. 2013) (citation and

quotation omitted).  In determining whether the movant has met its burden under Rule 16(b)(4),

the Court considers four factors: (1) the party's explanation for its failure to meet the deadline,

(2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

The parties argue that their discovery dispute regarding the excavation of the electrical line has necessitated extensions of the case deadlines. According to the parties, "experts will be essential to this litigation once the discovery dispute is resolved." In light of the Court's determination regarding the excavation and the importance of such discovery, the Court finds that there is good cause to extend the expert designation, discovery, and motions deadlines. These extensions, however, will necessitate the continuance of the current trial setting as moving the motions deadline leaves insufficient time for motions to be briefed and ruled on before the pretrial conference.

IT IS, THEREFORE, ORDERED that:

1. Defendant USIC Locating Services, Inc.'s Motion to Compel [29] [31] is GRANTED.

2. Georgia-Pacific shall make the area at issue available to USIC for inspection, and the parties shall confer in good faith to schedule the inspection at a time that will reduce the burden and expense of the inspection and to address any other details of the inspection.

3. The parties' joint Motion to Extend Scheduling Deadlines [35] is GRANTED.

4. Plaintiff's Expert Designation Deadline is extended to September 30, 2015.

5. Defendants' Expert Designation Deadline is extended to October 31, 2015.

6. The Discovery Deadline is extended to November 15, 2015.

7. The Motions Deadline is extended to November 30, 2015.

8. The Pretrial Conference is reset for April 14, 2016.

9.      The Trial is reset for a term beginning May 2, 2016, and ending May 13, 2016.

10.     Except as set forth herein, all other deadlines and provisions of the original Case Management Order [13] remain in place.

SO ORDERED this the 24th day of August, 2015.

s/ Michael T. Parker
United States Magistrate Judge